# 'A. BRAVO & COMPANY
## *v.*
# EMILIO GOMEZ ET AL.

GARNISHMENT OF INSURANCE MONEY—INTERVENING PETITION—INSURANCE
WITH REFERENCE TO MORTGAGE LAW.

1. Section 916, Revised Statutes of the United States (U. S. Comp. Stat. 1901, p. 684), applies to garnishments in Porto Rico. Under the local law, merely the nonpayment of a judgment is ground of attachment.
2. At common law a contract of insurance for the mortgagor's benefit is a personal one, and the mortgagee has no claim on the insurance fund in the absence of a valid contract or pledge; but under the local law the insurance is an incident to the mortgaged property. The mortgage law includes in the mortgage all insurance policies on the mortgaged property.

March 2, 1904.

HOLT, Judge, delivered the following opinion:

The plaintiffs, Bravo & Company, obtained a judgment against the defendant Emilio Gomez, in this court, at Maya-

*Insurance—rights of mortgagee.* In the following editorial notes the authorities bearing on their respective phases of the subject are fully presented: *Rights of mortgagee to benefit of insurance taken in name of mortgagor,* note to Chipman v. Carroll, 25 L. R. A. 305; *Rights given by the attachment of a mortgage slip to insurance policy,* note to Phenix Ins. Co. v. Omaha Loan & T. Co. 25 L. R. A. 679; *Effect of settlement between insurer and mortgagor upon rights of mortgagee, to whom loss is made payable as his interest may appear,* note to Chandos v. American F. Ins. Co. 19 L. R. A. 321.

Bravo & Co. v. Gomez.

guez, on December 11th, 1901, for $6,309.49 with interest from that date, and costs. Execution issued thereon on March 27th, 1903, and was returned "no property" on April 6th, 1903. On March 18th, 1903, certain property of the defendant, which was insured for $10,000 in the Norwich Union Insurance Society of England, was destroyed by fire. Before the return of the execution, and on April 1st, 1903, the plaintiffs, Bravo & Company, by their agent, filed an affidavit for a garnishment of said insurance money, which was issued and served upon said company.

The defendant Gomez moves to quash the writ of garnishment as irregular and without legal force or effect, because it was made returnable to the April term of this court at San Juan instead of Mayaguez, where the judgment had been rendered. This is the only ground of the motion. The garnishee company did not unite in it, but filed an answer. The affidavit for the garnishment states that execution had issued upon the judgment, but had not been satisfied, and that the judgment remained unpaid. It also states that other creditors of the defendant Gomez are attempting by embargoes from other courts to obtain a prior lien upon said insurance fund, and that a garnishment is necessary to protect plaintiffs and obtain satisfaction of the judgment; also that, unless issued, all of the defendant's property will be attached by other creditors, and the plaintiffs will be unable to make their debt. No other ground of garnishment is set out, and for the want thereof it is urged the writ is void.

A garnishment is a form of attachment. It is in effect, at least, a suit, although, in a case like this one, ancillary to the main action. It is statutory, and generally regarded as a legal, and not as an equitable, proceeding, although in some jurisdictions it is treated as of the latter nature.

Bravo & Co. v. Gomez.

Generally the local law requires an affidavit of certain alleged facts. They are jurisdictional, and in their absence a creditor has no more right to the garnishment than a judgment creditor to an execution when he has no judgment; in other words, without it the proceeding is void. Waiving, for the present, the fact that the motion to quash is based upon one ground, it may be asked, By virtue of what law did this garnishment issue? Rules 10 and 26 of this court provide that, upon the return of an execution "no property," the plaintiff is entitled, without oath or bond, to a garnishment; and, in the absence of such return, is also entitled to one upon the execution of a proper bond, and the filing of an affidavit stating that he has a good cause of action; and has reason to believe the defendant intends to and will fraudulently dispose of his property before judgment, so that it cannot be satisfied, or has departed from the jurisdiction and so remained, or affiant believes he intends so to remain, more than sixty days, in order to defeat service of process. It is manifest from the provisions of these rules they furnish no ground for this garnishment. The United States Revised Statutes, § 916 (U. S. Comp. Stat. 1901, p. 684), provide, however, that one recovering a judgment at common law shall be entitled to like remedies, by execution or otherwise, to reach the property of the judgment debtor, as are provided in like cases by the laws of the state in which the court is held; and this should, in my opinion, be held to apply to Porto Rico.

Under the local law, articles 918, 920, 922, and 1440 of the Code of Civil Procedure, it appears that so soon as a judgment is final, the execution thereof is proceeded with; and if not immediately paid, an attachment may issue therefor. Merely its nonpayment is ground for the embargo. In the case now in

PORTO RICO—20.

hand, the judgment against the defendant Gomez was final when the garnishment was sued out; the judgment debtor was in default; and under these circumstances I am inclined to think the garnishment could issue under the local law made applicable by the section of the United States statutes above cited. It may be added also that at the April term, 1903, of this court at San Juan, the garnishment was, by consent, transferred to the June term at Mayaguez, and thereafter this motion to quash was made. For the reasons indicated it is overruled.

The garnishee, the Norwich Union Insurance Society, of England, filed its answer on April 13th, 1903. It admits the insurance, but avers the extent of the loss is as yet unknown; that it is having an investigation made; that by the terms of the policy, if liable at all, it had the right to reconstruct the premises, and the investigation not having yet been finished, it cannot say whether it is indebted or not; also that it has been informed one José Antonio Fernandez is the holder of the policy, and that one Doña Maria Concepcion Aguerra also claims to have some interest in it or any proceeds arising from it.

The plaintiffs have entered a motion to strike this answer from the files upon the grounds that it has not the corporate seal; that it is not verified by anyone shown to have authority to do so, and is evasive, uncertain, and insufficient.

It is still the rule that the answer of a corporation to a bill in chancery must be under seal. Morawetz, Priv. Corp. § 338; Bronson v. La Crosse & M. Co. 2 Wall. 302, 17 L. ed. 728.

It may, however, make a contract without its use, and the answer of the garnishee is verified by the same person upon whom the garnishment was served as the chief officer of the defendant company. If the answer, therefore, is not verified by

the proper officer, then the plaintiffs have no service of garnishment.

This motion is, therefore, also overruled; but sufficient time having now elapsed to enable the defendant the Norwich Union Insurance Society to ascertain the circumstances connected with the insurance and what they may owe, it is now ordered that said company within ten days file an amended answer stating fully what they may owe on account of said insurance, and also filing a copy of the policy therewith.

José Fernandez y Perez filed in the clerk's office, on December 10th, 1903, his so styled "intervening petition," in which he avers that the policy of insurance in question was pledged and delivered to him by the defendant Gomez on January 5th, 1903, to secure certain mortgage indebtedness then created upon the insured property; claiming that both by virtue of said pledge and the local mortgage law he is entitled to whatever insurance may be owing. Motion is made upon notice to file such petition, to which the plaintiffs, A. Bravo & Company, object.

The defendant Emilio Gomez also, on December 11th, 1903, filed in the clerk's office his so styled "intervening petition," in which he adopts and unites in said petition of José Fernandez. The right of the latter to the fund has been briefed upon the merits; and, though this seems to have been premature, it is perhaps not out of place to say that the petition tendered by him avers an actual delivery and pledge to him of the policy. At common law a contract of insurance for the mortgagor's benefit is a personal one, and the mortgagee of the insured property has no claim upon the insurance fund in the absence of a valid pledge. Under the local law, however, the insurance is an incident to the mortgage property. The mortgage law of Porto Rico, articles 110 and 111, provides that the

Bravo & Co. v. Gomez.

mortgage embraces any indemnity due the owner for insurance on the mortgage property, and any such indemnity is to be construed as mortgaged together with the estate, even though not mentioned in the contract. The necessity seems to exist for some mode by which the rights of adverse claimants to it may be settled in case of a garnishment proceeding like this one. The question is somewhat troublesome, as in the United States courts the distinction is maintained between common law and equitable proceedings. This question, however, will not now be determined until the coming in of the amended answer of the garnishee, when the court will make such further order as may seem proper.